

# THE ATTORNEY GENERAL
# OF TEXAS

Grover Sellers
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Perry L. Jones
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-7251
Re: Under the provisions of Article
7345-D, Revised Civil Statutes
of Texas, does the Commission-
ers Court of Travis County, as
a Board of Equalization, have
the authority to remove and
cancel from the delinquent tax
rolls of Travis County taxes,
penalties and interest that
have been erroneously assessed
against property that is exempt
from taxation by statute accord-
ing to findings of the Commis-
sioners Court of said County?

In your letter of May 28, 1946, you request the
opinion of this department, which for the purpose of this
opinion we quote the last paragraph:

"Under Acts of 46th Regular Session of the
Texas Legislature, page 659, H. B. No. 456, approved
May 15, 1939, and otherwise identified as Article
7345-D, Revised Civil Statutes of Texas, 1925, does
the Commissioners' Court of Travis County, Texas,
as a Board of Equalization, have the authority to re-
move and cancel from the delinquent tax rolls of
Travis County, taxes, penalties and interest that
have been erroneously assessed against property that
is exempt from taxation by statute according to
findings of the Commissioners' Court of said County?"

As we construe your opinion request it is assumed
that the property in question, Newman Hall, which is used
as a dormitory for girls attending the University of Texas,
which is owned and operated by the Dominican Sisters of
Houston, Texas, a religious and charitable corporation,
without capital stock and not incorporated for profit, is
exempt under the Constitution and statutes of this State

from ad valorem taxes. We therefore assume, as your opinion request does, that the property in question is exempt from taxation under the Constitution and statutes of this State, but do not decide this question. Briefly, we are called upon to answer whether or not the Commissioners Court, as a board of equalization, is authorized under the terms of H. B. No. 456, approved May 15, 1939, and otherwise identified as Art. 7345-D, R. C. S. of Texas, 1925, to cancel and remove property from the tax rolls against which taxes had been erroneously assessed.

We have held in two opinions of this department that Art. 7345-D, R. C. S of Texas, 1925, is unconstitutional. The first of these opinions, No. O-930, was approved July 11, 1939, and a copy of this opinion is herewith enclosed for your information. The second opinion is No. O-6257, approved Dec. 1, 1944, a copy of which is herewith enclosed.

It does not necessarily follow, however, f rom these opinions that the Commissioners Court is without authority to cancel and remove from the tax rolls the levy and assessment of taxes which the State and County had no authority in the first instance to tax because of its exempt status under the Constitution and statutes of this State from ad valorem taxes. The Legislature has no authority to impose taxes upon property exempt under the Constitution, and neither has the tax assessor authority to assess taxes against property which the Legislature has exempted under constitutional authority. We are not confronted, assuming that the property is exempt from taxation, with the problem of an unreasonable and excessive valuation, such as was attempted to be comprehended in Art. 7345-D, supra, which as we have heretofore stated, has been by this department held to be invalid, but with the simple proposition that the assessment was null and void ab initio for the simple reason that the tax collector and the commissioners court had no authority in the first instance to place the property on the tax rolls as though it were subject to taxation.

We said in opinion No. O-6257 the following:

"The jurisdiction of the Commissioners Court is defined in the latter part of Sec. 18 of said Article 5, supra, in the following words:

"'The county commissioner so chosen, with the county judge as presiding officer, shall compose the county commissioners court, and shall exercise such powers and jurisdiction over all county business as is conferred by this constitution and the laws of the state, or may be hereafter prescribed.' (Emphasis ours)

"We think, however, there is an express limitation upon the jurisdiction thus conferred, that is, it must be 'county business.' When acting within the scope of the jurisdiction thus conferred such judgments import verity, and are not subject to collateral attack.

"In a former opinion of this department, No. O-2912, what constitutes 'county business' has been well expressed, and we quote from said opinion as follows:

"'The term "county business" should be given a broad and liberal construction, so as not to defeat the purposes of the law.

"'We are of the opinion that the matter of examining, investigating and considering an assessment of taxes, and determining whether the same is invalid or not; and, if found to be invalid, to do the things as authorized by law to have the property covered thereby re-assessed in such manner as that the taxes thereon may be collected, all pertains to "county business." It would seem that it is as much "county business" to examine into, ascertain and determine an assessment to be invalid and to have the same re-assessed in a valid manner, as it is to inspect tax renditions, hear evidence thereon, and determine and equalize the valuations, which matters are unquestionably county business and properly intrusted to the commissioners' court, acting as a board of equalization.'"

While there was not involved in the problem considered in said opinion the question of the exemption of the property, there was involved the power of the Commissioners' Court to ascertain and determine an assessment to be invalid, and if found to be invalid to have the same reassessed in a valid manner. The Commissioners' Court would in our view, consistent with the views expressed in the foregoing opinion, have authority to cancel or remove from the tax rolls an invalid assessment which the tax assessor had no authority to assess in the first instance because of the exempt character of the property.

In the recent case of the City of Austin v. Sheppard, 190 S.W. (2d) 486, the Supreme Court granted a mandamus requiring the cancellation of assessments against property owned by the City of Austin acquired in tax foreclosure sales because of the exempt character of the property; and we think it follows that as to exempt property the law requires that such assessments be cancelled because invalid, as we have said here from the beginning. If this were not the law the Court would have refused to grant the writ of mandamus in the case of the City of Austin v. Sheppard, supra.

Assuming, without deciding that the property in question is exempt from taxation, it is the opinion of this department that the Commissioners' Court would have the authority to cancel and remove from the tax rolls any taxes, penalties and interest assessed against such property.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ L. P. Lollar

By

L. P. Lollar
Assistant

APPROVED JUNE 24, 1946

s/ Carlos C. Ashley

FIRST ASSISTANT ATTORNEY GENERAL

Approved Opinion Committee
By BWB, Chairman

LPL:AMM-cg

ENCLOSURES